NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 03-4779

---

JAMES LEE FARMER,
     Appellant

v.

HARRY E. WILSON, Warden;
BRADLEY FOULK, D.A.;
*TOM CORBETT, ATTORNEY GENERAL

*(Substituted Pursuant to Fed. R. App. P. 43(c))

---

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-00017E)
District Judge: Honorable Sean J. McLaughlin

---

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2007

Before: SLOVITER, SMITH and WEIS, Circuit Judges

(Filed: September 21, 2007)

---

OPINION

SLOVITER, Circuit Judge.

Before us is the appeal of James Lee Farmer from the order of the District Court denying his petition for a writ of habeas corpus.

I.

Farmer was convicted following a jury trial in a Pennsylvania court for one count each of rape, involuntary deviate sexual intercourse, indecent assault, and unlawful restraint. He is currently serving an aggregate sentence of nine to eighteen years imprisonment, followed by a consecutive term of five years probation. The event, which was the subject of the criminal charges, occurred on March 9, 1998, when Farmer and Marcella Wiesen, the victim, were at a bowling club in Erie, Pennsylvania. Wiesen, who was there with her sister and a friend, consumed two or three alcoholic drinks during the three hours of bowling. At the conclusion of the bowling session, the three women went to the bar. Farmer was also at the bar with friends.

Wiesen and Farmer were unacquainted but at some point they left the bowling alley and had sexual relations in Farmer's car. The Superior Court of Pennsylvania, quoting the Court of Common Pleas, wrote that:

> As the victim left the bowling alley, [a]ppellant grabbed her shoulders, physically pushed her backwards and pushed her to his vehicle. Once inside the vehicle, [he] grabbed [her] head [and] . . . used his body to hold her down . . . . she pushed in resistance, including pushing her bowling ball

2

at [him] . . . . she was unable to run away from [him].

Commonwealth v. Farmer, 758 A.2d 173, 176 (Pa. Super. Ct. 2000).

After the encounter in the parking lot, Wiesen returned to the bowling alley. Several people described her demeanor as "'hysterical, distraught and disheveled.'" Id. Someone at the bowling alley called the police and Wiesen was taken to the hospital and had a post-rape medical examination. Farmer claimed that the encounter was consensual, but he was subsequently arrested and charged with the four offenses noted above. Id. The matter proceeded to trial.

The Commonwealth presented no eyewitnesses and there was almost no physical evidence of rape. On cross-examination, Wiesen stated that she was not threatened and was not slapped, punched, kicked or thrown to the ground, and that Farmer did not use any weapons except that "He used his body, and his arms and his hands. That would be threatening to me." She also testified that a physical exam performed by an emergency room doctor revealed no lacerations, broken bones, or bruises, and that there was no torn clothing; a later physical examination found no evidence of physical trauma or force. The only possible indication of any type of trauma was a photograph of a small bruise on her leg taken two days after the incident by the police.

At the close of evidence and the conclusion of deliberation, the jury convicted Farmer of all charges on March 23, 1999. On May 4, 1999, the court imposed sentence on Farmer. With the assistance of new counsel, Farmer filed timely post-sentencing motions, which were denied. Farmer then filed a timely direct appeal to the Superior

3

Court of Pennsylvania.

On appeal, Farmer raised a number of issues, including whether a new trial should be granted for ineffective assistance of counsel for failure to call any character witnesses in support of Farmer. Farmer, 758 A.2d at 176. The Superior Court denied this claim because Farmer's then-counsel had not filed character witness affidavits with his brief. Id. at 179. Although Farmer's appellate counsel filed a Motion to Alter the Record and a Petition for Reargument, attaching the character affidavits, the court denied both motions on September 20, 2000. Farmer filed a Petition for Allocatur to the Pennsylvania Supreme Court on October 19, 2000, which that court denied on February 21, 2001.

Farmer then turned to the federal courts for relief. He filed his petition for writ of habeas corpus with the District Court on January 11, 2002, which referred the matter to the Magistrate Judge. She filed a report and recommendation ("R&R") on June 30, 2003, recommending denial of the petition for habeas corpus on the ground of Farmer's claim of ineffective assistance of counsel. The District Court adopted the R&R. This appeal followed. We granted a certificate of appealability as follows:

> The foregoing request for a certificate of appealability is granted with regard to the appellant's claim that counsel was ineffective for failing to call character witnesses during the guilt phase of the trial.

## II.

We must first decide the scope of the issue before us. In its original brief, filed in December 2004, the Commonwealth argued that the District Court properly denied Farmer's habeas petition on the basis that his claim that counsel was ineffective for

failing to call character witnesses at trial was procedurally defaulted. Admittedly, the procedural default issue was not included within the certificate of appealability. Nonetheless, in Villot v. Varner, 373 F.3d 327 (3d Cir. 2004), we held that although "[w]e may not consider issues on appeal that are not within the scope of the certificate of appealability . . . the merits panel may expand the scope of the COA beyond the scope announced by the motions panel." Id. at 337 n.13 (citing 3d Cir. LAR 22.1(b)). We may do so sua sponte as well. Id. Accordingly, we exercise our discretion to expand the COA to consider the procedural default issue relevant to this case.

The Superior Court declined to reach the question of whether trial counsel was ineffective because on appeal Farmer "failed to include any affidavits from [William Stadler, who apparently saw Farmer and the victim in the parking lot], [Farmer's] family, [Farmer's] friends, [Farmer's] wife, or any member of the 'plethora' of potential witnesses." Farmer, 758 A.2d at 179. The Superior Court stated that this failure doomed Farmer's claim because "we 'will not grant relief based on an allegation that a certain witness may have testified in the absence of an affidavit to show that the witness would, in fact, testify.'" Id. (citing Commonwealth v. Days, 718 A.2d 797, 803 (Pa. Super. Ct. 1998)).

In its brief filed in December 2004, the Commonwealth argued that the Superior Court's determination that the absence of affidavits was dispositive of Farmer's claim means that Farmer has procedurally defaulted on his Sixth Amendment claim. This was the position taken by the District Court which denied Farmer's petition for habeas corpus

5

on that ground.

The doctrine of procedural default "and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citations omitted) (quoting Coleman v. Thompson, 501 U.S. 722, 730 (1991)). A state prisoner "'who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.'" Id. (quoting Coleman, 501 U.S. at 732). The procedural bar, however, only applies if the default was pursuant to "an independent and adequate state procedural rule." Coleman, 501 U.S. at 750.

Federal habeas review is not available to a petitioner whose federal claims have been defaulted on an independent and adequate state ground unless the petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) that failure to consider the claims would result in a fundamental miscarriage of justice. Edwards, 529 U.S. at 451. "[C]ounsel's ineffectiveness in failing properly to preserve the claim for review in state court" may suffice for cause under the exception to procedural default. Id. However, "[n]ot just any deficiency in counsel's performance will do, . . . the assistance must have been so ineffective as to violate the Federal Constitution." Id.

In the case before us, it is important to distinguish between the claim of ineffective

assistance of trial counsel because of the failure to call character witnesses (which is the substantive basis of Farmer's habeas claim) and the ineffectiveness of a different appellate counsel in failing to preserve that issue for review by the state courts (which presents the procedural default issue).  Pennsylvania law with respect to the need to present some proof of the testimony of the potential witness was clear from the decision of the Pennsylvania Superior Court in Commonwealth v. Days, 718 A.2d 797 (Pa. Super. Ct. 1998), the opinion cited by the Superior Court in Farmer's case.  In Days, the appellant had argued that her counsel was ineffective for "failing to interview and/or call Officer Ferguson [one of the arresting officers] as a witness." Id. at 803.  The court held that the appellant offered "no proof that Officer Ferguson was willing and able to testify at trial on behalf of [a]ppellant," and it therefore rejected appellant's claim of ineffective assistance of counsel.  Id.

      Turning to Farmer's case, effective counsel would have known from the Days decision of the proof required by the Pennsylvania Superior Court before it would consider the merits of a claim that counsel was ineffective for failing to call a witness.  The Days decision was issued in September 1998, almost a year before Farmer's appeal to the Pennsylvania Superior Court.  We can see no possible strategic reason why appellate counsel would not have attached affidavits to Farmer's brief to the court.  Thus, we agree with Farmer that he has shown the cause element needed to surmount the procedural default, i.e., the ineffectiveness of appellate counsel.

      The prejudice element is evident.  Because appellate counsel failed to provide the

affidavits or proof needed to ensure that the Pennsylvania Superior Court would consider Farmer's claim that trial counsel was ineffective for failing to call either the fact witness or the character witnesses, Farmer has shown prejudice. Although we are not prepared to hold that the Pennsylvania Superior Court would have determined that the affidavits would have proven trial counsel's ineffectiveness had those affidavits been filed with the brief, we believe the court would surely have considered the claim on its merits. By pretermitting that consideration, appellate counsel's action caused prejudice. As a result, we hold that Farmer has adequately shown the cause and prejudice needed to surmount the procedural default. We are satisfied that the federal courts can proceed to consider Farmer's substantive constitutional claim that trial counsel was ineffective for failing to call both Mr. Stadler and some character witnesses.[1]

In its brief filed December 21, 2006, the Commonwealth states that it "is constrained to request this Court to remand this case for an evidentiary hearing to determine whether trial counsel was in fact effective." Appellee's Br. at 3. We will

---

[1] We are not unaware that under Pennsylvania law in cases of rape character evidence is limited to traits such as "non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." Commonwealth v. Luther, 463 A.2d 1073, 1078 (Pa. Super. Ct. 1983). Although some of the typed affidavits offered by Farmer's counsel would seem to limit the proposed witnesses' character evidence to truthfulness and honesty, other affidavits expanded the scope of the typed form to include Farmer's character. We therefore are unwilling to conclude that, as a matter of law, Farmer's trial counsel would have been precluded from calling at least some character witnesses. Of course, this will be up to the District Court on remand.

follow that course. Because the District Court did not hold an evidentiary hearing, it never reached that issue and we believe it is appropriate for it to make that determination in the first instance.

### III.

Accordingly, we will vacate the order of the District Court denying Farmer's petition for a writ of habeas corpus and will remand this matter to it for further proceedings. We note only that Farmer's period of incarceration may be over soon, and we request that the District Court hold a hearing at the first possible opportunity.